# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REGIONS BANK and EDGEFIELD HOLDINGS, LLC,**

      **Plaintiffs,**

**v.**                                                          **Case No:   6:11-cv-509-Orl-18DAB**

**PJFSF&T PROPERTY ACQUISITIONS, INC., JOHN DENNIS FIELDING, BRUCE WALDRON JACOBUS, JACK LANCING PLATT, JAMES L. TORRES, JAMES L. TORRES, P.A., JOHN D. FIELDING, P.A., BRUCE W. JACOBUS, JR., P.A., JACK L. PLATT, P.A., PLATT JACOBUS FIELDING VILLE TRIAL LAWYERS, LLC and BRANCH BANKING AND TRUST COMPANY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **AMENDED JOINT MOTION TO SUBSTITUTE PARTY PLAINTIFF (Doc. No. 159)**
>
> **FILED:**  **May 26, 2016**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On March 31, 2011, Regions Bank filed its Complaint in this action seeking to enforce a commercial promissory note and the related personal guaranty agreements against the Defendants. Doc 1. On March 26, 2012, this Court entered final judgment in favor of Regions in the amount of $826,819.63, plus post-judgment interest. Doc. 44. On March 10, 2016, Regions assigned all of

its rights, title and interests incident to the judgment to Edgefield Holdings, LLC. Doc. 153-1 (Assignment of Judgments and Loan Documents). As a result of the assignment, Regions previously filed a motion contending that Edgefield Holdings, LLC was the real party plaintiff in interest in this action and should be substituted for Regions. Doc. 155. The Court denied without prejudice the Motion to Substitute Edgewood Holdings, LLC, because it was not clear that Defendants Fielding and Platt (who have at times appeared pro se) had been properly served, and Regions had failed to provide a properly supported memorandum discussing the Court's subject matter jurisdiction. Doc. 158.

On May 26, 2016, Regions filed an Amended Motion to Substitute Edgewood Holdings, LLC as party-Plaintiff (Doc. 159), curing the service issues as to Defendants Fielding and Platt. *See* Doc. 159 at 10 (service by certified mail). Regions has also filed a Memorandum of Law in support of the Amended Motion to Substitute. Doc. 159. None of the Defendants have filed a response objecting to the relief sought. According to the Local Rule 3.01(g) certification in the Amended Motion, counsel for Defendants Jacobus and Torres has confirmed these Defendants have no objection to the requested substitution, and Mr. Platt and Mr. Fielding have advised they have no objections to the substitution. Doc. 159 at 9.

> Pursuant to Federal Rule of Civil Procedure 25:
>
> Transfer of Interest. If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). "The purpose of Rule 25(c) is to ensure that after litigation commences, the Court, at its discretion, can proceed in an efficient manner with the real parties in interest" and "to ensure that the conduct of litigation, or a judgment in favor of a plaintiff, are not defeated by a transfer of interest." *Tesseron, Ltd. v. Oce N.V.*, 110 F. Supp. 3d 1255, 1257-58 (M.D. Fla. 2015) (internal citations and quotations omitted).

As to the issue of the Court's subject matter jurisdiction, Regions explains in its supporting Memorandum of Law that the citizenship of Edgewood Holdings, LLC's (whose sole member is Rialto Capital Advisors, LLC, of Miami, Florida[1]) will not destroy the Court's diversity jurisdiction vis a vis the Florida Defendants because subject matter jurisdiction based on diversity of citizenship is determined at the time the Complaint is filed. *See Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) (holding addition of limited partnership to which plaintiff's interest in contract had been transferred did not destroy diversity jurisdiction in breach of contract action where added party was not an "indispensable" party). At the time Regions filed the Complaint, it alleged the complete diversity based on its citizenship in Alabama and the citizenship of Defendants in Florida. Doc. 1. Diversity of citizenship was undisputed and the parties subsequently stipulated to the entry of the Judgment. Doc. 43.

Regions contends that the substitution of the non-diverse party, Edgefield Holdings, LLC, for Regions at this time would not divest the Court of its subject matter jurisdiction. Regions contends that the subsequent assignment and substitution of a non-diverse plaintiff does not destroy jurisdiction because diversity of citizenship is assessed at the time an action is commenced, and such jurisdiction may not be divested by subsequent events. Doc. 159 at 6 (citing *FLCM ACQ VIII, LLC v. Taos Ventures, LLC*, 513-CV-529-Oc-PRL, 2014 WL 7009872, at *1 n. 2 (M.D. Fla. 2014)). The Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events" i.e., the substitution of a non-diverse plaintiff does not destroy diversity of citizenship based on "the well-established rule that diversity of citizenship is assessed at the time the action is filed." *Freeport,* 498 U.S. at 428. "A contrary rule could well have the effect of deterring normal business transactions during the

---

[1] Regions does not set forth the citizenship of Rialto Capital Advisors, LLC's members, but that is not an issue given Regions' description of the substitution. *See Freeport–McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991).

pendency of what might be lengthy litigation. Such a rule is not in any way required to accomplish the purposes of diversity jurisdiction." *Id*. (noting the non-diverse plaintiff "was not an 'indispensable' party at the time the complaint was filed; in fact, it had no interest whatsoever in the outcome of the litigation until sometime after suit was commenced").

Applying the Supreme Court's reasoning here, the Court would not be divested of subject matter jurisdiction because there was complete diversity of citizenship between Regions and the Defendants when the Complaint was filed, and, as Regions points out, Edgefield Holdings, LLC (though not diverse) was not an indispensable party when this action was commenced; its interest arose from the Assignment of the Judgment, which took place on March 10, 2016, and after the commencement of the action.

Regions also argues that the Court should exercise its discretion to allow substitution of Edgefield Holdings, LLC as the party-Plaintiff because this would facilitate post-judgment discovery and execution/satisfaction of the judgment without additional delay; Edgefield Holdings would no longer have to go through its predecessor in interest, Regions, to direct and manage which efforts to be taken. A court may within its discretion permit the substitution of parties pursuant to Rule 25(c) of the Federal Rules of Civil Procedure even after judgment is entered where substitution is necessary for enforcement of the judgment. *VisionBank v. Algernon Land Co., L.L.C*., No. 10-00172-N, 2012 WL 827011, at *2 (S.D. Ala. Mar. 12, 2012) (citing *Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3rd Cir. 1993) ("substitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case"). It is **respectfully RECOMMENDED** that the Motion to Substitute Party Plaintiff Edgefield Holdings, LLC (Doc. 159) be **GRANTED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 14, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy